**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**DAVID D. BECSEY**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana



FILED
May 22 2013, 9:19 am
CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

|  |  |  |
|---|---|---|
| IN RE THE MATTER OF:<br>D.L., | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  49A02-1210-JV-851 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT, JUVENILE DIVISION
The Honorable Marilyn A. Moores, Judge
Cause No. 49D09-1209-JD-2426

**May 22, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

In this case, appellant-defendant D.L. appeals the juvenile court's finding that he committed the offense of Dangerous Possession of a Firearm,[1] a class A misdemeanor, if committed by an adult. D.L. challenges the sufficiency of the evidence, claiming that the State failed to demonstrate that the object a police officer retrieved from the vehicle in which D.L. was a passenger, was a firearm within the meaning of the statute.

Although the weapon was not introduced into evidence at the adjudication hearing, the officer identified the object that he retrieved from the vehicle as a handgun. The evidence also established that the police officer had served on the Indianapolis Metropolitan Police Department (IMPD) for twenty-three years, was required to carry a handgun, and had to be skilled with that weapon.

In light of these circumstances, we conclude that the juvenile court, as the finder of fact, reasonably inferred that the handgun recovered from the vehicle in which D.L. was riding was a firearm within the meaning of the statute. Thus, we affirm the judgment of the juvenile court.

FACTS

At approximately 2:15 a.m. on September 9, 2012, Indianapolis Metropolitan Police Department (IMPD) Officer Lawrence Wheeler received a dispatch to investigate several juveniles in Patricia Park who were gambling and armed with handguns. When Officer Wheeler reached the roadway to the park, he received additional information that shots had been fired and individuals with guns were entering vehicles and fleeing the

---

[1] Ind. Code § 35-47-10-5.

2

area. When Officer Wheeler entered the park, he was able to block the road and prevent two vehicles from leaving.

After additional police cruisers arrived, Officer Wheeler approached one of the vehicles and told the four occupants, one of whom was D.L.—a backseat passenger—to raise their hands. Immediately thereafter, Officer Wheeler saw D.L. kick a metal object under the seat in front of him. Officer Wheeler instructed D.L. to stop moving, walked around to the passenger side of the vehicle, and opened the door. After noticing the object that D.L. had kicked under the seat was a handgun, Officer Wheeler retrieved the gun, removed D.L. from the vehicle, and handcuffed him. When Officer Wheeler asked D.L. if the gun was his, D.L. responded that he had "never seen it before." Tr. p. 12. Officer Wheeler then arrested D.L. for possession of the handgun.

On September 10, 2012, the State filed a petition alleging that D.L. committed the delinquent acts of dangerous possession of a firearm and carrying a handgun without a license, both class A misdemeanors if committed by an adult. At the adjudication hearing that commenced on October 2, 2012, the actual gun was not introduced into evidence. However, Officer Wheeler testified to the above facts, and D.L.'s counsel referred to the object as a "gun" when cross-examining Officer Wheeler. Id. at 15. D.L. also identified the item as a gun.

At the conclusion of the hearing, the juvenile court entered a true finding that D.L. committed both offenses as charged but merged the offense of carrying a handgun without a license into the dangerous possession of a firearm finding. D.L. now appeals.

## DISCUSSION AND DECISION

When the State seeks to have a juvenile adjudicated a delinquent for committing an act that would be a crime if committed by an adult, the State must prove every element of that offense beyond a reasonable doubt. J.S. v. State, 843 N.E.2d 1013, 1016 (Ind. Ct. App. 2006). On appeal, we will consider only the evidence and reasonable inferences that support the judgment. Id. Additionally, we will not reweigh the evidence or judge the credibility of the witnesses. Id.

In determining whether the adjudication must be set aside because the State allegedly failed to prove that the handgun Officer Wheeler recovered was a firearm under the statutory definition of that term, we note that pursuant to Indiana Code section 35-47-1-5, a "firearm means any weapon: (1) that is: (A) capable of expelling; or (B) designed to expel; or (2) that may readily be converted to expel; a projectile by means of an explosion."

As discussed above, Officer Wheeler testified that he recovered a handgun after observing D.L. kick it under a seat. Although the gun was not admitted into evidence, it was established that Officer Wheeler was a twenty-three-year veteran of the IMPD. Tr. p. 4. He was required to carry a handgun and be proficient with it. That said, it was reasonable for the juvenile court to infer that Officer Wheeler could identify a firearm as defined in the statute. See Ind. Code § 35-47-1-6 (defining a handgun as any firearm designed or adapted to be aimed and fired from one hand or any firearm under a certain

4

barrel length or overall length).  Moreover, none of the witnesses referred to the object as anything other than a gun or a handgun.

In sum, the State presented sufficient evidence to determine that D.L. committed dangerous possession of a firearm, a class A misdemeanor if committed by an adult.

The judgment of the juvenile court is affirmed.

MAY, J., and MATHIAS, J., concur.

5